AIRHEART WINTER *vs.* JOSEPH S. DONOVAN.—JOSEPH S. DONOVAN *vs.* AIRHEART WINTER.—*December*, 1849.

In an action of slander, the plaintiff cannot offer evidence in aggravation of damages, until he has offered some testimony tending to prove the charges in the declaration.

Where a party is not called upon to say for what purpose he designs to offer the testimony objected to, there will be error in the court's rejection of it, if it was admissible for any purpose.

The second count in the nar, charged the defendant with writing a libellous letter to the witness, on the 3rd of July, 1845, charging the plaintiff with obtaining $300 from defendant, on false pretences. Without proof of any of the counts, the plaintiff asked the witness "if, at any time during the summer of 1845, he received from defendant any letter or letters relative to the employment of the plaintiff, by defendant, as his agent, and the advance by the former to the latter of $300, on account of such agency, and the charge against the latter of having obtained the sum by false pretences?" HELD: that this was a leading question, and was properly rejected.

An answer in the affirmative would not have proved that the alleged libel corresponded with the allegation in the second count of the nar, and would have been parol proof of the contents of a written paper, without its appearing that any effort was made to get possession of the paper itself.

If a defendant, after publication of a libel, takes possession of it, and retains it, he must have notice to produce it, and refuse, before parol evidence can be given of its contents.

Slight variances between the words charged, and the words contained in the libel, will prove fatal, and the contents of a libel cannot be proved by parol, until some attempt has been made to produce the libel itself.

A party who objects to the admissibility of testimony in the court below, is not, upon appeal, confined to the objection there relied on.

Unless a party can show that he has been injured by the judgment of the court below, he cannot ask for its reversal by this court.

Cross-appeals from *Baltimore* county court.

This was an action of *libel and slander*, instituted by *Winter* against *Donovan*, on the 20th of May, 1836.

The declaration contains three counts. The *first*, charges, with the usual inuendos, the defendant with publishing the following libel in a certain letter written by him to the plaintiff, dated 3rd of July, 1845, viz: "Yours of the 1st instant I received, and from your statement, I am now fully convinced that you had obtained the $300 under false pretences." The *second*, charges, that defendant published the following libel of the plaintiff in a letter written to one *Lewis Winter*, dated the day and year aforesaid, viz: "He obtained from me $300 under false pretences, and if the money is not returned to me, I will prosecute him." The *third*, charges him with speaking the words contained in the *second* count, with these additions: "*Airheart* got that money by false pretences, and should be prosecuted for it." "He is a scoundrel, having obtained from me $300, on false pretences."

The defendant pleaded *not guilty*, on which issue was joined.

1st EXCEPTION. The plaintiff called *Lewis Winter* as a witness, and asked him if he had received, in the summer of 1845, a letter from the defendant, in relation to the plaintiff? Which question witness declined answering, because the answer to it would tend to criminate himself; but the court (LE GRAND, J.,) decided that witness should answer the question, and should produce the letter, if he had it, and compelled him

to answer it. To which opinion of the court, the defendant excepted.

2ND EXCEPTION. The plaintiff then asked witness if he knew the defendant in this cause? Witness replied affirmatively, and thereupon, the plaintiff asked of him the following question: "Did you, at any time during the summer of 1845, receive from the defendant any letter or letters having relation to the employment of the plaintiff by the defendant, as his agent for the purchase of negroes in *Carroll* county, and the advance by defendant to plaintiff of $300, on account of said agency, and the charge against the plaintiff of having obtained the sum by false pretences?" To which question the defendant objected, and submitted that the inquiry should be confined to the letter sued upon, as of the 3rd day of July, 1845, and the court sustained the objection, and refused to permit the question to be put to the witness, to which opinion and refusal the plaintiff excepted. The verdict and judgment being for the defendant, both parties appealed to this court.

The cause was argued before DORSEY, C. J., CHAMBERS, SPENCE, MAGRUDER, MARTIN, and FRICK, J.

JOHN NELSON, for the appellant, in *Winter's* appeal, argued:

The appellant contends, that the court erred in the opinion thus expressed, and that the evidence proposed to be offered by the witness, was admissible upon various grounds.

1st. It was admissible to show the fact of the publication of the libel described in the second count of the plaintiff's declaration. If the witness had answered, that he had received such a letter during the summer of 1845, the plaintiff might have proposed the inquiry, whether it was of the date of the 3rd of July, 1845? and might have required the production of the letter itself, the date of which would have been the best evidence of the time at which it was written. But the court ruled out the whole inquiry, by rejecting, as inadmissible, the question propounded.

2nd. But can there be any boubt, whatever may have been the date of the letter inquired of, that, assuming it to be of the character given to it by the question, it was evidence in aggravation of damages?

The cases affirming this principle, are numerous and clear. They will be found collected in 2 *Starkie's Slander*, 47, 53. 2 *Sergt. & Rawle*, 469, *Kean vs. McLaughlin*. 2 *Starkie's Rep.*, 93, *Stuart vs. Lovell*. 1 *Strange*, 691, *Chambers vs. Robinson*. 5 *Espinasse*, 136, *Plunkett vs. Cobbett*. 2 *Camp.* 72, *Finnerty vs. Tipper*. 3 *Pickering*, 376, *Bodwell vs. Swan*.

The case of *Duvall vs. Griffith*, 2 *Harris & Gill*, 30, will be found to be conclusive upon this point.

That the plaintiff had the right to offer his evidence in any order he might choose, the case of *Davis vs. Calvert*, 5 *G. & J.*, 269, directly decides.

Geo. R. Richardson, attorney general, for appellee:

The plaintiff having described, in his declaration, the letter relied upon, it is submitted, that even if witness had received, and would produce any number of letters *written during the summer*, that no *one*, other than a letter of the 3rd of July, 1845, would have been evidence for the purpose of sustaining the charge in the declaration. 1 *Starkie on Ev.*, 433.

Having, then, no right to use (if produced,) any other letter for *this purpose*, is it not clear that the plaintiff cannot, to *sustain the allegation*, ask *for letters generally?* But it is contended on the part of the appellant: 2ndly. That any letters sought by the inquiry, even if not evidence to sustain the charge, were admissible in aggravation of damages, and that the plaintiff had a right to offer his evidence in any order he might choose. This proposition concedes that the plaintiff sought, by the inquiry, other letters than the one necessary to sustain the declaration, and claims the right to have them in aggravation of damages. He claims the further *right* to *aggravate damages*, before he has proved the charge declared upon. The proposition further concedes (the object being merely to obtain

the letter of the 3rd of July,) that the inquiry is *too broad.* Had he, then, a right to aggravate damages before he proved the principal charge?

In the case of *Duvall vs. Griffith,* 2 *H. & G.,* 30, the charge laid was first proved, and although, in the case of *Davis vs. Calvert,* the court decides, that a party may offer his evidence in such order as he may choose, it is submitted that the rule can have no application to such a case as the one now before the court. *Aggravate damages for what?* For an injury *not proved?* and for *one* which the proposition concedes *is not proposed to be proved by the inquiry?* Let it be again remarked, that, for the purpose of obtaining the letter of the 3rd of July, the inquiry is too broad; and if it can be sustained at all, it is only for the purpose of procuring evidence to prove malice. For to test the law of this case, let it be supposed, that the question had, by the direction, been answered, and any number of offensive letters, other than one dated 3rd of July, had been produced, the plaintiff says, they would have been evidence in aggravation of damages.   Now even supposing them admissible for this purpose, they never could have been read until the principal charge was proved, or, if read, only on condition that they were to be in the case when the charge was proved, as laid in the declaration.   If, therefore, the plaintiff never put a *proper inquiry* to obtain the letter of the 3rd of July, all evidence in aggravation would fall harmless, he having failed in the proof of the charge laid.

MAGRUDER, J., delivered the opinion of this court.

The plaintiff here, was the plaintiff below.   His action was brought for slander and a libel.   The plea was not guilty, and verdict for the defendant.

In the course of the trial, the plaintiff took one exception. It does not appear that he offered any proof whatever, in support of any one of the allegations to be found in his declaration.   As far as we can judge, of the *first* witness he called up, (after asking him if he knew the defendant,) he at once asked the question:   "Did you, at any time during the summer of

1845, receive from the defendant any letter or letters having relation to the employment of the plaintiff, by the defendant, as his agent, for the purchase of negroes in *Carroll* county, and the advance, by the said defendant to the said plaintiff, of $300, on account of said agency, and the charge against the plaintiff of having obtained the same by false pretences?"

The question being objected to by the defendant, the court decided that it was inadmissible, and to that decision the plaintiff excepted.

As the plaintiff was not called upon to say for what purpose he designed to offer the testimony, the court would have erred, if for any purpose it was admissible.

It might have been offered to increase the damages, but for such purpose, it was inadmissible, until some testimony had been submitted tending to prove any one of the matters charged.

If offered to prove the plaintiff's case, it must have been to establish the second count in the declaration.

It was certainly a leading question, and if answered in the affirmative, would not have proved that the allleged libel corresponded with the plaintiff's allegations in the second count of his declaration.

An answer in the affirmative, would have been parol proof of the contents of a written paper, when *non constat*, that any effort was made to get possession of the paper itself. If the defendant, himself, after a publication of the libel, had taken possession of it, and retained it in his possession, he must have notice to produce it, and refuse, before parol evidence can be given of its contents. *Starkie on Libel,* 383.

Slight variances between the words charged, and the words contained in the libel, will prove fatal. *Ibid,* 279. And surely the contents of a libel are not to be proved until some attempt has been made to produce the libel itself.

If, to the admissibility of testimony, objection be made in the court below, the party objecting is not, upon appeal, confined to the objection which it would seem was there relied on.

JUDGMENT AFFIRMED.

In the case of *Donovan's* appeal, the verdict having been in his favor, and the judgment affirmed, as above, he cannot be injured by the decision of which he complains, and, of course, cannot ask a reversal of the judgment.

JUDGMENT AFFIRMED.